**No. 24-1737**

_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

CHARLIE COLEMAN

*Plaintiff-Appellant,*

v.

BRANDON KENT, ET AL.

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Western District of Michigan
No. 2:23-cv-172
Hon. Maarten Vermaat

## APPELLANT'S REPLY BRIEF

Samuel Weiss
Rights Behind Bars
1800 M Street NW Front 1
#33821
Washington, DC 20033
202-455-4399
sam@rightsbehindbars.org

*Attorney for Plaintiff-Appellant Charlie Coleman*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................ii

ARGUMENT..................................................................................................... 1

I.   The District Court Erred in Dismissing Coleman's First Amendment Retaliation Claim ............................................................................... 1

II.  The District Court Erred in Dismissing Coleman's Equal Protection Claim. 2

CONCLUSION................................................................................................. 4

# TABLE OF AUTHORITIES

**Cases**

*Davis v. Prison Health Services*, 679 F.3d 433(6th Cir. 2012) ............................... 3

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ......................................................... 2

*Haines v. Kerner*, 404 U.S. 519 (1972) ................................................................. 1

*Hardy v. Adams*, No. 16-2055, 2018 WL 3559190 (6th Cir. Apr. 13, 2018)........... 1

*Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004) ............................................. 3, 4

*Spearman v. Williams*, No. 22-1309, 2023 WL 7000971 (6th Cir. July 17, 2023) .. 1

*Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (en banc) ............................. 1

## ARGUMENT

### I.    The District Court Erred in Dismissing Coleman's First Amendment Retaliation Claim.

In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In their Answering Brief, Defendants only question whether Coleman met the second prong of an "adverse action."

Coleman's opening brief explains why Officer Kent's actions taken against him constitute an adverse action under the First Amendment. Op. Br. 5–8. Defendants point to two cases in response: *Spearman v. Williams*, No. 22-1309, 2023 WL 7000971 (6th Cir. July 17, 2023), and *Hardy v. Adams*, No. 16-2055, 2018 WL 3559190 (6th Cir. Apr. 13, 2018). Both are unpublished, were decided without the plaintiff having counsel to advance his arguments, and were resolved at a later stage than pre-service screening, where the district court resolved the case here.

More importantly, both cases involved mere threats by prison staff. While invoking these cases, Defendants ignore several of the key variables that render this fact-intensive inquiry unamenable for resolution as a matter of law: Officer Kent used uniquely odious racial slurs while making his physical threats, enhancing their

1

plausibility; he assaulted Coleman; and then threatened, explicitly, to attack him "again." Complaint, R. 1, PageID.3–4. Even were *Spearman* and *Hardy* binding, Coleman's allegations do not fall under the category of mere threats and therefore should have survived the court's pre-service screening.

## II. The District Court Erred in Dismissing Coleman's Equal Protection Claim.

Defendants write that Coleman brought an equal protection claim "*because* he alleged that CO Kent used racial slurs against him on two occasions." Ans. Br. 16 (emphasis added). The district court was correct in dismissing the claim, they argue, because the use of racial epithets alone is not an actionable violation of the Equal Protection Clause. Ans. Br. 16–17. Their characterization of his claim is wrong and therefore so is their argument.

Coleman alleges 1) Officer Kent mistreated him by assaulting and threatening him; and 2) this treatment was on the grounds of race, as the racial slurs evidence. Coleman has never argued that the slurs were themselves, standing alone, an equal protection violation but rather that they were evidence of the animus-based motivations of Officer Kent. *See* Op. Br. 9. Inasmuch as isolated phrases in Coleman's complaint might suggest this was the sole basis, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

Defendants can only distinguish this case from precedent like *Davis v. Prison Health Services*, 679 F.3d 433, 438 (6th Cir. 2012), by arguing that Coleman "has not alleged that he was treated differently from any prisoners" but rather his "claim arose solely from his claim that CO Kent used racial epithets against him." Ans. Br. 18. The latter is wrong, as described above, and the former allegation is unnecessary. Coleman alleged that Officer Kent assaulted and threatened him without any reasonable basis. Coleman is owed every inference as a *pro se* complainant getting his first complaint dismissed on pre-service screening, and the inference that Officer Kent did not threaten and assault every prisoner is not only reasonable but obvious.

Helpfully, *Johnson v. Johnson*—the Fifth Circuit opinion relied on by this Court in *Davis* and discussed in the opening brief—addressed this identical situation. 385 F.3d 503, 530 (5th Cir. 2004). The plaintiff alleged both that staff failed to protect him from sexual assault and that they made offensive comments about his sexuality. Defendants argued in response that because "mere comments alone do not violate the Equal Protection Clause, Johnson has not alleged that he has suffered any actionable discriminatory treatment." *Id.* The court rejected this argument as "misconstru[ing] the nature of Johnson's claim." *Id.* Johnson did "not contend that the comments made by certain defendants [we]re themselves actionable" but instead "that he was denied protection because of his sexual orientation; the comments are

3

relevant because they tend to reveal the defendants' reasons for their actions in denying him safekeeping." *Id.*

Defendants in *Johnson* also argued that "the complaint fail[ed] to identify any non-homosexual prisoners who were similarly situated but were treated better." *Id.* The court rejected that argument too:

> [E]vidence of the type the defendants request is not essential to the claim. In most cases, a plaintiff lacks direct evidence of intentional discrimination, and he therefore will try to rely on evidence that two groups received different treatment, which can support an inference that the decisionmaker purposefully engaged in discrimination. But those kinds of inference-producing comparisons are unnecessary where the § 1983 plaintiff has direct evidence of discriminatory motive. Indeed, [Plaintiff]'s complaint contains detailed allegations that, if true, would constitute direct evidence that the defendants treated [Plaintiff] differently in making their decisions and did so because of his status. Leaving aside the question whether identifying information about other inmates would even be available to a plaintiff at the pleading stage, we do not believe that a plaintiff's complaint must plead the circumstantial case that the defendants are requesting.

*Id.* at 531 (internal citations omitted). The same analysis applies here and compels reversal.

## CONCLUSION

This Court should reverse and remand for further proceedings.

Date: March 21, 2025

*/s/ Samuel Weiss*
Samuel Weiss

Rights Behind Bars

4

1800 M Street NW Front 1
#33821
Washington, DC 20033
Attorney for Appellant Charlie Coleman

5

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 923 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word with a Times New Roman 14-point font.


Date:  March 21, 2025


*/s/ Samuel Weiss*
Samuel Weiss

Rights Behind Bars
1800 M Street NW Front 1
#33821
Washington, DC 20033
Attorney for Appellant Charlie Coleman

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: March 21, 2025

*/s/ Samuel Weiss*
Samuel Weiss

Rights Behind Bars
1800 M Street NW Front 1
#33821
Washington, DC 20033
Attorney for Appellant Charlie Coleman